UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ZACHARY J. PENCE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 3:22-CV-92-TAV-JEM |
| | ) |
| GRADY PERRY, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Before the Court is Zachary J. Pence's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. 1], and Respondent's motion to dismiss the petition as time-barred [Doc. 9]. Petitioner failed to respond to the motion to dismiss, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1. For the reasons set forth below, Respondent's motion will be granted, and the instant petition will be dismissed with prejudice.

**I.      RELEVANT FACTUAL AND PROCEDURAL HISTORY**

On June 14, 2012, an Anderson County, Tennessee, jury convicted Petitioner of aggravated rape of a child, aggravated child abuse, and child abuse [*See, e.g.*, Doc. 6-1 p. 26-29, 76-80]. As a result of his convictions, Petitioner was sentenced to concurrent terms of sixty years for aggravated rape of a child, twenty-five years for aggravated child abuse, and two years for child abuse [*Id.*]. On February 22, 2016, the Tennessee Court of Criminal Appeals ("TCCA") affirmed Petitioner's convictions on direct appeal. *State v. Pence*, No. E2015-00476-CCA-R3-CD, 2016 WL 692740, at *1 (Tenn. Crim. App.

Feb. 22, 2016), *no perm. app. filed*. Petitioner did not appeal to the Tennessee Supreme Court.

On July 1, 2016, Petitioner filed a pro se petition for post-conviction relief that was later amended by appointed counsel [Doc. 6-21 p. 2-22, 40-43]. Following an evidentiary hearing, the post-conviction court denied relief [*Id*. at 81-82]. Petitioner then appealed to the TCCA [*Id*. at 83]. On March 8, 2021, the TCCA affirmed the decision of the post-conviction court. *Pence v. State*, No. E2019-01942-CCA-R3-PC, 2021 WL 857612, at *1 (Tenn. Crim. App. Mar. 8, 2021), *no perm. app. filed*. Petitioner did not seek permission to appeal that decision to the Tennessee Supreme Court.

On March 8, 2022, this Court received the instant petition [Doc. 1]. The Court directed Respondent to respond to the petition, and Respondent did so by filing, *inter alia*, a motion to dismiss the petition as untimely on November 9, 2021 [Doc. 9]. Petitioner did not respond to the motion to dismiss.

## II. LEGAL STANDARD

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The issue of whether Respondent's motion should be granted turns on the statute's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

## III. DISCUSSION

Petitioner's judgments of conviction became "final" under the AEDPA on April 22, 2016, sixty days after the TCCA affirmed the judgment of trial court on direct appeal, when the deadline for filing an application for permission to appeal to the Tennessee Supreme Court expired. *See* Tenn. R. App. P. 11(b) (establishing application for permission to appeal to Tennessee Supreme Court must be filed "within 60 days after the entry of the judgment of the . . . Court of Criminal Appeals"). Therefore, the federal statute of

3

limitations began running the following day, April 23, 2016, and continued running for 69 days until Petitioner stopped the limitations clock by filing his petition for post-conviction relief on July 1, 2016 [Doc. 6-21, p. 2-22]. 28 U.S.C. § 2244(d)(2). The limitations period remained tolled during the pendency of Petitioner's post-conviction proceedings, which finally concluded on May 7, 2021, when the time expired for Petitioner to apply for permission to appeal the denial of post-conviction relief to the Tennessee Supreme Court [Mar. 8, 2021 decision of TCCA + 60 days = May 7, 2021]. *See* Tenn. R. App. P. 11(b). The limitations clock began running again the following day, May 8, 2021, and it expired 296 days later on February 28, 2022 [69 days + 296 days = 365 days].

The earliest Petitioner could have filed his federal habeas petition is the day he signed it — March 6, 2022 [Doc. 1 p. 6].[1] Accordingly, Petitioner's federal habeas petition was not timely filed, and the Court can consider its merits only if Petitioner establishes an entitlement to equitable tolling of the limitations period or demonstrates a "credible showing of actual innocence." *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (finding it is the petitioner's burden to demonstrate equitable tolling applies); *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (holding "credible showing of actual innocence" may overcome AEDPA's limitations period).

To establish an entitlement to equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" to prevent timely filing. *Lawrence v. Florida*, 549 U.S.

---

[1] A prisoner's pleading is deemed filed on the day it was delivered to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266 (1977) (declaring "mailbox rule").

327, 336 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). To demonstrate actual innocence, Petitioner must present "new reliable evidence. . . that was not presented at trial" that, when considered in conjunction with all the evidence, makes it "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Schlup v. Delo*, 513 U.S. 298, 324, 327-28 (1995)). It is a standard that requires factual — not legal — innocence. *Bousley*, 523 U.S. at 623.

Petitioner has not addressed the issue of his petition's timeliness, much less argued an entitlement to equitable tolling or presented of a credible showing of actual innocence. Accordingly, the Court finds that the instant petition is untimely, and Respondent is entitled to the grant of his motion.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Additionally, Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because the instant petition is rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order for a COA to issue. *Slack v. McDaniel*,

529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied.

## V. CONCLUSION

For the reasons set forth herein, Respondent's motion [Doc. 9] will be **GRANTED**, and this federal habeas petition will be **DISMISSED** with prejudice. A certificate of appealability will be **DENIED**.

**AN APPROPRIATE ORDER WILL ENTER.**

<u>s/ Thomas A. Varlan</u>
UNITED STATES DISTRICT JUDGE

6

Case 3:22-cv-00092-TAV-JEM   Document 11   Filed 05/25/22   Page 6 of 6   PageID #: 1603