UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ZACHARY J. PENCE, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No.: 3:22-CV-92-TAV-JEM |
| GRADY PERRY, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Zachary J. Pence, a prisoner proceeding pro se in a federal habeas action under 28 U.S.C. § 2254, has filed a "Motion to Alter or Amend Judgment" from this Court's May 25, 2022, Memorandum Opinion and Judgment Order dismissing his federal habeas petition as untimely [Doc. 28]. For the reasons set forth below, the motion will be **DENIED**.

### I. BACKGROUND & PROCEDURAL HISTORY

On or about March 6, 2022, Petitioner filed a federal habeas petition challenging his 2012 Anderson County, Tennessee, convictions for aggravated rape of a child, aggravated child abuse, and child abuse [Doc. 1]. In response to an Order requiring Respondent to file a response to the petition [Doc. 5], Respondent moved to dismiss the petition as filed beyond the statute of limitations set forth in 28 U.S.C. §2244(d) [Doc. 9]. After Petitioner failed to file a reply to the motion within the applicable deadline, *see* E.D. Tenn. L.R. 7.1., the Court entered a Memorandum Opinion and Judgment Order on May 25, 2022, agreeing that the petition was untimely filed and granting Respondent's motion to dismiss

[*See* Docs. 11, 12]. Petitioner filed a notice of appeal and two motions to reopen the time to appeal [Docs. 13, 15, 17]. The Court denied Petitioner's motions to reopen the time to appeal [*See* Docs. 18, 20].

On October 17, 2022, Petitioner filed a motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure ("Rule(s)") seeking relief from this Court's Order denying his first motion to reopen the time to appeal [Doc. 19]. In his motion, Petitioner argued that he was entitled to "due process tolling of the statute of limitations" because his attorney, Gary Anderson, abandoned representation of Petitioner on federal habeas review [*Id*. at 3]. Finding that Petitioner's argument had no bearing on the timeliness of Petitioner's motion to reopen the time to appeal, the Court denied the motion [Doc. 20].

On November 3, 2022, Petitioner filed another "Motion for Relief from Judgment or Order" [Doc. 21], this time challenging the Court's May 25, 2022, Memorandum Opinion and Judgment Order dismissing his federal habeas petition as untimely [*See* Docs. 11 and 12]. In this motion, Petitioner argued that he timely filed his federal habeas petition within the applicable statute of limitations [Doc. 21]. While that motion was pending, the Sixth Circuit dismissed Petitioner's appeal [Docs. 22, 23]. On December 16, 2022, the Court denied Petitioner's Rule 60 motion [Doc. 24].

On January 3, 2023, Petitioner filed yet another Rule 60 motion, as amended on January 30, 2023 [Docs. 25, 26]. In those motions, Petitioner argued that he was entitled to equitable tolling of the applicable limitations period because (1) his post-conviction attorney was ineffective, and (2) habeas counsel abandoned him after receiving a retainer

2

[Docs. 25, 26]. On January 31, 2023, the Court entered an Order finding Petitioner's argument failed to warrant relief and denying his Rule 60 motion [Doc. 27].

Petitioner has now filed a fourth post-judgment motion [Doc. 28]. In the instant motion, filed pursuant to Rule 59(e), Petitioner argues that he is entitled to equitable tolling so as to have the merits of his federal habeas petition heard [*Id*.].

## II. LEGAL STANDARD

Petitioner has filed the instant motion under Rule 59(e), which allows a court "to alter or amend judgment to correct a clear error of law; to account for newly discovered evidence or an intervening change in the controlling law; or to otherwise prevent manifest injustice." *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 330 (6th Cir. 2014) (quoting *Doran v. Comm'r of Soc. Sec.*, 467 F. App'x 446, 448 (6th Cir. 2012)).

However, Rule 59(e) cannot be "used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). Dissatisfaction with the court's initial judgment and/or disagreements with its conclusions are insufficient to support a Rule 59(e) motion. *See, e.g., Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) ("Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."). Therefore, Rule 59(e) does not provide litigants the "opportunity to re-argue a case."

3

*Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted).

Similarly, Rule 60(b) provides enumerated grounds that allow a court to relieve a party from operation of a final judgment or order. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) ("As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment."). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). Neither is it "a substitute for, nor a supplement to, an appeal." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (citation omitted).

4

## III. ANALYSIS

As a preliminary matter, the Court finds that Petitioner's motion is not timely under Rule 59(e). Rule 59(e) requires a motion to alter or amend a judgment to be filed within twenty-eight days of entry of the judgment. Fed. R. Civ. P. 59(e). The instant motion was filed over nine months after the Court entered its Judgment Order [*Compare* Doc. 12 *with* Doc. 28]. Accordingly, any request for reconsideration under Rule 59(e) is untimely and must be dismissed. Fed. R. Civ. P. 59(e); *see also* Fed. R. Civ. P. 6(b)(2) (providing "court must not extend the time to act under" Rule 59(e)).

The Court also finds that Petitioner's request lacks merit under Rule 60(b). Petitioner appears to argue that the sixty-nine-day lapse between when his judgment became "final" on direct review and when he filed for post-conviction relief was due to counsel's abandonment, and therefore, that period should be equitably tolled[1] [Doc. 28 p. 3].

However, Petitioner did not have an attorney during the sixty-nine-day lapse between the finality of his direct appeal and the initiation of post-conviction proceedings. His attorney on direct appeal was permitted to withdraw on February 29, 2016 [Doc. 6-19], approximately one week after the Tennessee Court of Criminal Appeals ("TCCA")

---

[1] To establish an entitlement to equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). While a "garden variety claim of excusable neglect" does not generally entitle a petitioner to equitable tolling, *Holland v. Florida*, 560 U.S. 631, 651-52 (2010) (citation omitted), attorney abandonment may warrant its application, *Maples v. Thomas*, 565 U.S. 266, 283 (2012).

rendered its decision on direct appeal [Doc. 6-16]. Petitioner filed his pro se petition for post-conviction relief on July 1, 2016[2] [*See* Doc. 6-21 p. 1]. Accordingly, there was no abandonment by counsel to toll the limitations period.

Petitioner also argues that federal habeas counsel, Gary Anderson, "failed to enter a notice of appearance following the legal retainer agreement" [Doc. 28 p. 4]. Petitioner otherwise argues that he had no reason to believe that Anderson was not representing Petitioner in this federal habeas action [*Id.*]. Petitioner has attached a legal fee retainer agreement to his motion, and that retainer, which is unsigned, is dated March 2, 2022 [*Id.* at 8-9]. Petitioner's federal limitations period expired on February 28, 2022 [*See* Doc. 11 p. 4]. Accordingly, even if Petitioner's retained habeas counsel abandoned him, he has not demonstrated that it caused his federal habeas petition to be untimely, as the one-year limitation period under § 2244(d) had already expired at the time the retainer was drafted.

---

[2] Petitioner also argues that the "mailbox rule" should apply to his post-conviction petition [Doc. 28 p. 3]. Under the mailbox rule, a document is considered "filed" when it is submitted to prison authorities for mailing to the court clerk. *See Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (holding federal habeas application is deemed filed when handed to prison authorities for mailing). Absent evidence to the contrary, a petition is deemed "filed" on the date it is signed. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). It is unclear, however, that the prison mailbox rule applies to timely post-conviction filings. *See Shade v. Washburn*, No. 3:19-cv-051, 2019 WL 3557872, at *1 n.1 (E.D. Tenn. Aug. 5, 2019) (noting that Tenn. Sup. Ct. R. 28, § 2(G) "does not specify the date" to deem filed a pro se prisoner's timely post-conviction filing). Regardless, while Petitioner signed and dated his post-conviction petition, he failed to complete the certificate of service that would have included the date his filing was submitted to prison authorities for mailing, and Petitioner deliberately left blank the question of when he delivered the petition to prison authorities for mailing [Doc. 6-21 p. 21-22]. Under these circumstances, the Court declines to treat the petition as "filed" the day it was signed. *See* Tenn. Sup. Ct. R. 28, § 2(G) ("Should timeliness of filing or service become an issue, the burden is on the pro se petitioner to establish compliance with this provision.").

6

Case 3:22-cv-00092-TAV-JEM   Document 29   Filed 03/13/23   Page 6 of 7   PageID #: 1693

In sum, Petitioner may not pursue relief under Rule 59(e), and he has not demonstrated that he is entitled to relief under Rule 60(b).

Finally, the Court notes that Petitioner has filed multiple post-judgment motions, and that each motion advances a slightly new legal theory for why his federal habeas petition should be reviewed on its merits [*See* Docs. 19, 21, 15, 26, 28]. As noted above, a post-judgment motion is not second chance for a petitioner to advance "new explanations, legal theories, or proof." *Tyler*, 749 F.3d at 509. The Court has not, to date, summarily denied Petitioner's motions on the basis that they impermissibly seek to advance new explanations and/or present arguments that should have been presented in response to Respondent's motion to dismiss. Given Petitioner's repetitive motions, however, the Court now advises Petitioner that it will summarily deny any similar requests for relief in the future.

### IV. CONCLUSION

For the reasons set forth above, Petitioner is not entitled to relief from judgment, and his motion [Doc. 28] is **DENIED**. Finding that reasonable jurists would not debate whether this motion should have been resolved differently or that the issues presented herein are deserving of further encouragement, a certificate of appealability from this decision is **DENIED**. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE